UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN RAYMOND LYONS,

              Plaintiff,

v.

BARRY COUNTY JAIL et al.,

              Defendants.
_____/

Case No. 1:24-cv-1162

Honorable Maarten Vermaat

## OPINION

This is a civil rights action brought by a county jail detainee under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a

named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. Plaintiff's pending motions (ECF Nos. 2 and 6) will be denied.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated in the Barry County Jail awaiting trial on charges of larceny and unlawful driving away of a motor vehicle. Case Details, *State of Mich. v. Lyons*, No. 22024-0000000670-FH (Barry Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/ (complete hCaptcha, select continue, select Barry County 5th Circuit Court, enter Last Name "Lyons," First Name "Steven," select Search, complete hCaptcha, select Case ID 2024-0000000670-FH, complete hCaptcha) (last visited Jan. 6, 2025). The events about which he complains occurred at that facility. Plaintiff sues the Barry County Jail and Barry County Jail Administrator Lieutenant Unknown Nevins.

---

United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that he arrived at the Barry County Jail for this period of detention on September 23, 2024. (Compl., ECF No. 1, PageID.1.) He reports that he was met with a "high level of confontivness" by Defendant Nevins. (*Id*., PageID.2 (spelling in original retained).) Apparently, Defendant Nevins placed Plaintiff on a "no out of cell program's [sic] list." (*Id*., PageID.3.) As a result, Plaintiff indicates that he is not able to participate in out-of-cell religious programming or out-of-cell mental health/substance abuse programming. (*Id*., PageID.2.) Plaintiff does not know the reason for his placement on the list, he indicates that he has never failed to comply with any order from any Barry County Sheriff's Department Deputy. (*Id*., PageID.3.) He indicates that he has asked repeatedly, and "kited," and even grieved the issue. (*Id*.)

Plaintiff alleges that he also contacted the Michigan State Police. (*Id*.) Plaintiff contacted the state police because, during a previous detention in the Barry County Jail, he was aggressively extracted from his cell with "tasers out" and several Barry County deputies viciously and sadistically used excessive force against him. (*Id*., PageID.3–4.) Plaintiff contends that the deputies' use of force violated his constitutional rights. (*Id*., PageID.4.) It may be that Plaintiff's incident during his prior stay at the jail has resulted in a higher security classification such that he is not permitted to participate in out-of-cell programming.

Plaintiff asks the court "to impose some kind of sanction in accordance with local and state law" and to award "some monetary relief." (*Id*.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff mentions the use of excessive force. The use of excessive force would implicate the Eighth Amendment if Plaintiff was a convicted prisoner at the time or the Fourteenth Amendment if Plaintiff was a pretrial detainee. Plaintiff's allegations regarding his current exclusion from out-of-cell programs during his pretrial detention at the Barry County Jail, because

5

it appears be a more-restrictive and less-desirable condition of his confinement, also implicate the protections of the Fourteenth Amendment Due Process Clause. Plaintiff's reference to denial of out-of-cell religious programming might implicate his First Amendment right to freely exercise his religion. And, Plaintiff's exclusion from out-of-cell mental health/substance abuse programming might implicate his Fourteenth Amendment due process right to medical care.

### A.     Defendant Barry County Jail

Plaintiff sues the Barry County Jail. The jail is a building, not an entity capable of being sued in its own right. *See, e.g.*, *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("The McCracken County Jail is not a legal entity susceptible to suit . . .[; i]t is a department of the county, the county is the appropriate party . . . ."). For that reason alone, Plaintiff's claims against the Barry County Jail are properly dismissed.

Moreover, Plaintiff cannot remedy the defect by simply suing the proper municipal defendant: Barry County. Barry County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, the county is liable only when an official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson*, 40 F. App'x at 89 (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, although Plaintiff's complaint describes alleged wrongdoing by Defendant Nevins and unnamed deputies at the Barry County Jail, Plaintiff fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. *Cf. Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). Because Plaintiff fails to allege the existence of a policy or custom, Plaintiff has also failed to state a claim against Barry County.

### B.   **Defendant Nevins**

Plaintiff identifies Jail Administrator Lieutenant Nevins as the source of "a high level of confrontivness [sic]." (Compl., ECF No. 1, PageID.2.) As far as the Court can discern from Plaintiff's allegations, however, Defendant Nevins's confrontations with Plaintiff appear to be limited to excluding Plaintiff from participating in out-of-cell programming.

#### 1.   **Excessive Force During the Cell Extraction**

The use of excessive force against a convicted prisoner is prohibited by the Eighth Amendment's ban on cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. In order

for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

But the Eighth Amendment limitation applies to "punishments," and a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote and citations omitted). Put differently, the Eighth Amendment's limit on "punishment" does not apply to a pretrial detainee because a pretrial detainee may not be punished at all. *Id.* at 536–37 (explaining that "the Government concededly may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment"). When a claim of deliberate indifference "is asserted on behalf of a pretrial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (internal quotation marks and citations omitted).

Until recently, whether the Court considered a deliberate indifference claim under the Eighth Amendment or the Fourteenth Amendment did not make a difference because the Sixth

Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), in the context of considering a pretrial detainee's claim for the use of excessive force, the Supreme Court concluded that application of the Eighth Amendment standard—requiring that the "detainee must show that the officers were *subjectively* aware that their use of force was unreasonable"—was not appropriate. 576 U.S. at 391–92. Instead, the Court held that a "detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id*. at 396–97.

In *Brawner*, the Sixth Circuit concluded that the modification of the subjective component that *Kingsley* applied in the excessive force context was appropriately applied to other deliberate-indifference claims. The *Brawner* court described the modification as a shift from the criminal recklessness standard adopted for the subjective element of an Eighth Amendment claim in *Farmer v. Brennan*, 522 U.S. 825 (1994), in favor of a "civil standard for recklessness," *Brawner*, 14 F.4th at 596. *Farmer* described that civil standard as follows: "[t]he civil law generally calls a person reckless who acts or (if the person has a duty to act) fails to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Farmer*, 522 U.S. at 836; *see also Howell v. NaphCare, Inc*., 67 F.4th 302, 311 (6th Cir. 2023) (explaining that "[a]pplying *Kingsley*'s reasoning, *Brawner* held that a pretrial detainee must make a showing . . . that each defendant acted deliberately [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known" (internal quotation marks, footnote, and citations omitted)). This is a "distinction with[] a difference." *Howell*, 67 F.4th at 311.

9

Because Plaintiff does not identify when he was previously housed at the Barry County Jail, it is not clear whether he was a convicted prisoner or a pretrial detainee during the cell extraction. Nonetheless, whatever standard is appropriate for considering the subjective prong of the analysis, Plaintiff has failed to state a claim against Defendant Nevins.

Plaintiff does not allege that Defendant Nevins was directly involved in the cell extraction. Thus, Plaintiff's attempt to impose liability on Nevins for the excessive force used by the deputies must depend upon Nevins's position as the supervisor of the deputies.

However, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have

10

> interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts showing that Defendant Nevins encouraged or condoned the conduct of the deputies, or authorized, approved or knowingly acquiesced in the conduct. Indeed, Plaintiff fails to allege any facts at all about Defendant Nevins's conduct in connection with the cell extraction. His vague and conclusory allegations of supervisory responsibility are insufficient to demonstrate that Nevins was personally involved in the cell extraction. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Because Plaintiff's § 1983 claim against Nevins relating to the cell extraction is premised on nothing more than respondeat superior liability, he fails to state a claim.

### 2. Exclusion from Out-Of-Cell Programming

Plaintiff's allegations relating to exclusion from out-of-cell programming clearly show Defendant Nevins's direct and intentional involvement based on Plaintiff's allegations. Thus, whether evaluated under the Eighth Amendment or the Fourteenth Amendment, the subjective element is satisfied. Although the subjective prong of a Fourteenth Amendment pretrial detainee's conditions of confinement claim might differ from the subjective prong of the Eighth Amendment claim, the objective prong is the same under either amendment. *See, e.g.*, *Batton v. Sandusky Cnty.*, No. 23-3168, 2024 WL 1480522, at *3 (6th Cir. Apr. 5, 2024) (noting that the elements of a

deliberate indifference claim for a pretrial detainee mirror the elements for a convicted prisoner with an objective and subjective component, but the subjective component is modified). For that reason, the Court will look to Eighth Amendment authority when considering the objective prong of Plaintiff's "out-of-cell programming" claim.

Under the Eighth Amendment, as noted above, to satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).

Plaintiff alleges no facts that support an inference that being excluded from out-of-cell programming has caused him pain or that he has been denied the minimal civilized measure of life's necessities. Plaintiff has failed to allege facts that suggest he is denied food, or sanitation or that the conditions he faces are "intolerable." Accordingly, to that extent, the Court concludes that Plaintiff has failed to satisfy the objective element of a claim that Nevins has violated Plaintiff's Fourteenth Amendment rights by excluding Plaintiff from out-of-cell programming.

Plaintiff's allegations that the exclusion cuts off his right to mental health/substance abuse treatment strikes closer to the core of the Eighth Amendment's protection. The only clue that Plaintiff's complaint offers regarding his need for mental health/substance abuse treatment is his explanation that he was arrested on a failure-to-appear warrant after he missed a report to pretrial services and a court date "because he was in California at rehab." (Compl., ECF No. 1, PageID.2.)

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff's allegations fail on both prongs. He has not alleged that his need for mental health/substance abuse treatment is objectively serious. Indeed, he has not alleged that he needs such treatment at all. Moreover, on the subjective prong, Plaintiff has not alleged that Defendant Nevins has denied Plaintiff treatment; rather, Plaintiff alleges only that Nevins has foreclosed out-of-cell programming. There is no suggestion that Plaintiff is unable to get any necessary treatment in his cell or out of his cell in an environment that is not considered "programming," for example, even if Plaintiff is precluded from participating in group therapies, his allegations do not suggest

he would be precluded from consulting with a mental health professional regarding his medical needs. Plaintiff simply has not alleged enough facts to support an inference that his right to medical care has been denied.

The Free Exercise Clause of the First Amendment to the United States Constitution provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. I; *see also Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940) (holding that the Fourteenth Amendment incorporates the First Amendment's protections against states). While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials"). Plaintiff has not made any of these critical allegations, nor has he suggested that he is prevented from freely exercising his religious practices in his cell. Again, Plaintiff simply has not alleged enough facts to support an inference that his right to freely exercise his religion has been denied.

Finally, Plaintiff's allegations fall short of stating a claim that Defendant Nevins has denied Plaintiff required process before classifying Plaintiff as ineligible for out-of-cell programming. The elements of a procedural due process claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate

14

process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

The Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, the Supreme Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. 515 U.S. 472, 484 (1995). According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995). Without a protected liberty interest, a plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). For example, in *Sandin*, the Court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *Sandin*, 515 U.S. at 484; *see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997).

Plaintiff's allegations do not suggest that his classification to the no out-of-cell programming list will have any impact on the duration of his stay in pretrial detention. As to the second category, Plaintiff has not alleged, in the language of *Sandin*, that being placed on the list is an "atypical and significant" deprivation. *Sandin*, 515 U.S. at 484. Notably, in *Sandin*, the

Supreme Court concluded that placement in segregation for 30 days did not impose an atypical and significant hardship. *Id*. Similarly, the Sixth Circuit has held that placement in administrative segregation for two months does not require the protections of due process. *See Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (finding that 61 days in segregation is not atypical and significant). Instead, generally only periods of segregation lasting for several years or more have been found to be atypical and significant. *See, e.g., Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (concluding that thirteen years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (finding that eight years of segregation implicates a liberty interest); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, i.e., three years without an explanation from prison officials, implicates a liberty interest).

At the time Plaintiff filed his complaint, he had been on the "no out-of-cell programming" list for only a few weeks. Such a limitation—a limitation that is far less restrictive than "segregation"—for such a brief period of time, does not rise to the level of a significant or atypical deprivation. Accordingly, as measured by *Sandin*, Plaintiff has failed to state a claim for deprivation of a liberty interest in violation of the Due Process Clause.

There is some question as to whether *Sandin* provides the proper measure for changes in the conditions of confinement for pretrial detainees. *Johnson v. Grayson Cnty, Ky. Detention Center*, No. 21-5772, 2022 WL 3479501, at *2 (6th Cir. May 7, 2022) ("[S]everal of our sister circuits have held that *Sandin*'s "atypical and significant hardship" standard does not govern procedural due process claims brought by pretrial detainees such as Johnson. *See, e.g., Dilworth v. Adams*, 841 F.3d 246, 252 (4th Cir. 2016) (collecting cases). In the Sixth Circuit, however, we have no precedent deciding this issue either way."). Arguably, *Sandin*'s hardship test is flexible

enough to address the conditions of confinement for pretrial detainees. For convicted prisoners, the test considers whether the deprivation is atypical and significant in relation to the normal incidents of prison life for convicted prisoners; for pretrial detainees, the test could evaluate whether the deprivation is atypical and significant in relation to the normal incidents of life in pretrial detention. As noted above, considered in that light, Plaintiff has failed to state a due process claim.

The federal circuit courts that have rejected *Sandin*'s hardship test for pretrial detainees look instead to whether the deprivation is "punishment." *Dilworth*, 841 F.3d at 252. In that regard, Plaintiff insists that he had not committed any infraction to earn his placement on the list. Moreover, a security classification decision is not considered punishment. *See, e.g., Martucci v. Johnson*, 944 F.2d 291, 293–94 (6th Cir. 1991) (holding that classifying a pretrial detainee to segregation was not a punishment); *Shuler v. Hall*, No. 3:18-cv-01223, 2019 WL 1777899, at *3 (M.D. Tenn. Apr. 23, 2019) (noting that a security classification decision for a pretrial detainee is neither an atypical and significant hardship nor a punishment); *Jermano v. Taylor*, No. 11-10739, 2012 WL 4009865, at *5 (E.D. Mich. July 30, 2012) ("[A] prisoner does not have a protected liberty interest in the procedures affecting her classification and security . . . [t]he fact that Plaintiff was a pretrial detainee rather than a convicted prison[er] at the time of the alleged misfeasance does not change the analysis."). Accordingly, Plaintiff has failed to state a due process claim under the *Dilworth* standard as well.

For all of these reasons, Plaintiff has failed to state a claim against Defendant Nevins upon which relief can be granted.

### III. Pending motions

Plaintiff has filed a motion asking the Court to impose a lien in Plaintiff's favor against the property of Defendant Nevins. (ECF No. 2.) Additionally, Plaintiff has asked the Court to compel

Defendants to answer interrogatories. (ECF No. 6.) In light of the Court's determination that Plaintiff has failed to state a claim against Defendants, the Court will deny Plaintiff's motions as moot.

### **Conclusion**

Plaintiff's pending motions (ECF Nos. 2 and 6) will be denied. Further, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will deny Plaintiff's pending motions as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:  January 22, 2025                        /s/ *Maarten Vermaat*
                                                Maarten Vermaat
                                                United States Magistrate Judge